Thall Appeal.

Argued November 20, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Neville B. Shea,* for appellant.

*Charles M. Kschinka,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 19, 1963:

Charles J. Thall, appellant, was employed as a teacher in the Sullivan County school system for 31 years. In 1958, the county superintendent had discussions with appellant and his supervising principal in regard to complaints about appellant's teaching ability. In the fall of 1958, two announced visits were made to appellant's classroom and further discussions took place concerning observations made during these visits. Nothing further developed until 1961 when the county superintendent made three unannounced visits to appellant's classroom. After the third visit, the county superintendent rated appellant's performance as unsatisfactory on the rating card provided by the De-

partment of Public Instruction.[1] This was the first rating made of appellant's competency during his teaching career. Although made on April 25, 1961, the rating was not sent to appellant until June 2, 1961.

The county superintendent thereupon brought a charge of incompetency[2] against appellant before the Executive Committee of the Sullivan County Joint School Board (Board). After a hearing held in conformance with the Public School Code of 1949, the charge of incompetency was sustained and appellant dismissed. Appellant appealed the Board's decision to the Superintendent of Public Instruction.

After reviewing the record before the Board and taking additional testimony, the Superintendent reinstated appellant holding that the evidence of incompetency was "vague, contradictory, and insufficient." The Superintendent also reprimanded the Board for failure to comply with the procedure established by the Public School Code for rating "professional employes." [3]

The Board subsequently appealed to the Court of Common Pleas of Sullivan County where argument took place based on the evidence presented before the

---

[1] The rating provisions of the Public School Code will be dealt with at length later in the opinion.

[2] "The only valid causes for termination of a contract . . . entered into with a professional employe shall be . . . incompetency . . . ." (Act of March 10, 1949, P. L. 30, §1122, as amended, 24 P.S. §11-1122). Because of the view we take of this case, it is unnecessary for us to detail the specific allegations of incompetency or the proof offered in support thereof.

[3] Under the tenure provisions of the Public School Code, teachers are given the status of "professional employes." (Act of March 10, 1949, P. L. 30, §1101(1), as amended, 24 P.S. §11-1101(1). Section 1125 of the Public School Code—to be discussed at length infra—directs school boards to establish a permanent rating system for each professional employe. (Act of March 10, 1949, P. L. 30, §1125, as amended, 24 P.S. §11-1125.)

Board and before the Superintendent. The court below, stating that it was "not bound by any finding of fact or conclusion of law of the Superintendent of Public Instruction," concluded that the evidence did sustain the charge of incompetency. In addition, it held that the Board had complied with the rating provisions of the Public School Code. This appeal followed.

We are confronted with two questions involving the administration of the Public School Code: (1) the scope of review of a common pleas court where an appeal is prosecuted by a school board from an adverse decision of the Superintendent of Public Instruction; and (2) the interpretation and significance of the rating provision of the Public School Code.

The scope of review question is answered by our recent decision in *Tassone v. Redstone Township School District,* 408 Pa. 290, 183 A. 2d 536 (1962). In that case, we held that a school board is not entitled to a hearing de novo when it appeals from an adverse decision of the Superintendent of Public Instruction.[4] In such a situation, "a court of common pleas should look to see only if there was a manifest abuse of discretion or an error of law on the part of the [S]uperintendent." (408 Pa. at 292). This rule is especially appropriate where, as here, the question involves the competency of a teacher. Not only does the Superintendent possess greater expertise for this difficult determination, but the legislature has assigned to him the very job of establishing the standards by which judgments of competency are to be made.[5]

---

[4] A professional employe is entitled to a trial de novo when he prosecutes an appeal to the common pleas court. Act of March 10, 1949, P. L. 30, §1132(b), as amended, 24 P.S. §11-1132(b).

[5] Under §1123 of the Public School Code—to be discussed at length infra—the Superintendent is assigned the duty of formulating rating cards for guidance in rating the competency of profes-

It is true that statements made by the Superior Court in three earlier cases[6] lend support to the approach taken by the court below. An examination of the facts of these cases, however, reveals that none of them involved determinations within the particular expertise of the Superintendent.[7] Moreover, the assertions made in these cases as to the proper scope of review by a common pleas court were disapproved sub silentio in *Tassone* and we now explicitly repeat this disapproval.

Viewing the question before us, therefore, as one of deciding whether the Superintendent abused his discretion in concluding that the Board had not sustained its burden of proving incompetency, we hold that he did not abuse his discretion.

Turning to the second question before us, the Public School Code contains two separate provisions dealing with the rating of professional employes—section 1123 dealing specifically with rating for the purpose of determining competency, and section 1125 dealing more broadly with the establishment of a permanent rating system for each professional employe.

Section 1123[8] provides that "In determining whether a professional employe shall be dismissed for incompetency . . . the professional employe . . . shall be rated by an approved rating system . . . in accordance

---

sional employes. Act of March 10, 1949, P. L. 30, §1123, as amended, 24 P.S. §11-1123.

[6] *Sinton's Case*, 151 Pa. Superior Ct. 543, 30 A. 2d 628 (1943); *Batrus' Appeal*, 148 Pa. Superior Ct. 587, 26 A. 2d 121 (1942); *Spruce Hill Township School District Board of Directors v. Bryner*, 148 Pa. Superior Ct. 549, 25 A. 2d 745 (1942).

[7] In *Batrus*, the question was whether the form of the charge was proper; in *Spruce Hill*, the question was whether the professional employe had received an impartial hearing; in *Sinton's Case*, the question was whether a resolution of the school board was being enforced in a reasonable manner.

[8] See supra note 5.

with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of Public Instruction . . . ." In pursuance of this legislative directive, the Superintendent of Public Instruction has compiled a rating card listing 27 areas for rating under the four subdivisions of "personality," "preparation," "technique," and "pupil reaction." In addition, the Superintendent has ruled that a final unsatisfactory rating is required in order to dismiss for incompetency; that two preliminary unsatisfactory ratings are necessary before such final rating can be made, the first one serving as a warning that improvement in performance is essential;[9] that notice of an unsatisfactory rating, together with substantiating anecdotal reports, be sent to the professional employe as quickly as possible. The purpose of this rating scheme is not only to establish more concrete standards to judge competency, but it is also designed to stimulate improvement in the general level of teaching by drawing attention to existing deficiencies. See *Mulhollen Appeal*, 155 Pa. Superior Ct. 587, 39 A. 2d 283 (1944).

The Board in our case made only one unsatisfactory rating of appellant and did not give him notice of it until one month later. In justification of its actions, the Board stated that appellant was aware since 1958 of the dissatisfaction with his performance but resisted any suggestions for improvement. Moreover, the county superintendent testified that he did not like to issue unsatisfactory ratings unless absolutely necessary. Although we have no doubt that the Board was sincerely motivated in this matter, nevertheless its failure to comply with section 1123 and the regulations passed thereunder cannot be excused. If a dismissal

---

[9] This ruling is inferred from the Superintendent's definition of "unsatisfactory" as "improvement is essential to justify continuance in service."

is to be justified on the grounds of incompetency, the legislative provisions for supervising the competency of professional employes must be strictly followed. Cf. *Streibert v. York School District Directors,* 339 Pa. 119, 14 A. 2d 303 (1940). In fact, the difficult situation before us might well have been avoided had the Board complied with section 1123.

Section 1125 of the Public School Code[10] provides that school boards shall establish permanent ratings for each professional employe and that *"No professional employe shall be dismissed under this act* unless such rating records have been kept on file by the board. . . ." (Emphasis supplied). The purpose of this permanent rating system is both to improve the performance of professional employes, and also to make comparative ratings available in case circumstances dictate a decrease in the staff of professional employes.[11] The county superintendent in our case described his rating system as one where the absence of a rating indicated satisfactory performance. This is obviously not the type of permanent rating system contemplated by section 1125 since under it no comparative ratings are possible.[12]

Section 1125 seems to be quite explicit as to the penalty for noncompliance. In *Brown's Case,*[13] however, it was held that the failure to establish a permanent rating system did not necessitate the reversal of

---

[10] See supra note 3.

[11] Section 1125(b) provides that where "substantial differences" in rating exist, seniority rights need not prevail. The Superintendent has implemented this provision by adopting a formula whereby one point is added to the professional employe's general rating for each year of service up to 20 years.

[12] The county superintendent testified that he could recall only three unsatisfactory ratings.

[13] 151 Pa. Superior Ct. 522, 30 A. 2d 726, aff'd per curiam, 347 Pa. 418, 32 A. 2d 565, cert. denied, 320 U.S. 782 (1943).

a dismissal based on physical incapacity. This judicial reluctance to reverse a dismissal unrelated to matters involved in the rating system is quite understandable. Nevertheless, as noted above, the purposes of section 1125 extend beyond the question of whether a particular dismissal is justified.

In the present case, we need not re-examine the correctness of *Brown's Case* since we have found two other bases for reversing the dismissal. We would observe, however, that if school boards continue to ignore the mandate of section 1125, the reversal of dismissals, no matter how justified, seems to be the only method available to compel the establishment of permanent rating systems.

For the reasons stated above, the order of the court below is reversed and appellant is hereby reinstated as a professional employe.

Order reversed.