## Brentwood Borough School District Appeal.

Argued January 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

258

*Thomas M. Rutter, Jr.,* with him *Edwin J. Martin,* and *Goehring, Martin, Rutter & Boehm,* for appellant.

*Eugene J. Reinbold,* with him *Beck, McGinnis & Jarvis,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1970:

This is an appeal from the order of the Court of Common Pleas of Allegheny County reversing the order of the Superintendent of Public Instruction and requiring the Board of School Directors of Brentwood Borough, appellant, to retain and reinstate Helen M. Spano, appellee, as a professional employee.

On July 11, 1966 the Superintendent of the Brentwood School District interviewed appellee for the position of Curriculum Coordinator which was then vacant. She was offered the job, and a contract was signed which became effective August 1, 1966. Soon thereafter difficulties arose, and relations between Miss Spano and others in the school system became strained. On November 7, 1966 she was asked to resign, and on April 20, 1967 she was suspended by the Superintendent. By a resolution of the School Board adopted September 12, 1967 charges of incompetency and persistent and willful violation of the School Laws of Pennsylvania were brought against appellee as a basis for her dismissal. Hearings on the dismissal began on September 26, 1967 and continued until April 16, 1968 at which time she was discharged.

Miss Spano then took a timely appeal to the Superintendent of Public Instruction pursuant to the Act of March 10, 1949 (Public School Code of 1949), P.L. 30, art. XI, §1131, 24 P.S. §11-1131. By opinion and order dated October 11, 1968, the Superintendent found that appellee was a professional employee within the meaning of the Public School Code, dismissed the incompetency charges and sustained the action of the School Board in dismissing appellee for persistently and willfully violating the School Laws of Pennsylvania. Both sides then appealed to the Court of Common Pleas of Allegheny County pursuant to §1132 of the Public School Code, supra, 24 P.S. §11-1132. The lower court dismissed appellant's argument that the Superintendent had erred in finding appellee to be a professional employee and in dismissing the incompetency charges. At the same time it agreed with appellee that she had not been given a fair hearing by the School Board, and it ordered the School Board to retain her as a professional employee.

The first question we must answer is whether Miss Spano is a professional employee within the meaning of the Public School Code because if she is not she had no standing under §1131 and 1132 of that Code to appeal to the Superintendent of Public Instruction and the Court of Common Pleas. Appellant argues that appellee is not a professional employee because the position of Curriculum Co-ordinator is a nonmandated position which is not encompassed by the definition of professional employee in §1101(1), 24 P.S. §11-1101(1), and that appellee abandoned whatever contractual relationship she had with appellant by not presenting her teaching certificate to the Superintendent before beginning work.

Section 1101(1) of the Code defines the term professional employee, and if an individual desires that designation, he must show that he fits within one of the

categories created by the legislature. *Elias v. Board of School Directors,* 421 Pa. 260, 218 A. 2d 738 (1966). The section states "[t]he term 'professional employee' shall include those who are certificated as teachers, supervisors, supervising principals, principals . . ." and appellant argues that as the words Curriculum Co-ordinator do not specifically appear Miss Spano can not be a professional employee. Appellant recognizes, however, that appellee has been certified as a teacher, and §1141 states " 'Teacher' shall include all professional employees . . . who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities . . ." Construing sections 1101 and 1141 together, an individual is a teacher for purposes of §1141 if he holds the necessary certificate and devotes at least half his time to teaching or direct educational activities, and he is a professional employee under §1101 if he is a teacher under §1141. There is no question that Miss Spano held a teaching certificate, and the court below found that her areas of responsibility included curriculum development, evening classes for adults and the teachers' in-service program which consisted, among other things, of teacher seminars for the improvement of teaching methods. It concluded that she devoted practically all her time to educational activities and there is ample support in the record for that conclusion. Certainly what she was doing qualified as "direct educational activities", and thus she is a teacher under sections 1141 and 1101 and a professional employee entitled to appeal to the Superintendent of Public Instruction and the Court of Common Pleas.

In addition, the contract between Miss Spano and the School District is entitled Professional Employee's Contract and states that she is being employed to "serve as a professional employe in the said School District. . . ." Appellant's Minute Book shows that "[o]n the

recommendation of the District Superintendent, Mr. Powell moved, seconded by Mr. Frame, that Miss Helen Spano be hired as a Professional Employee with present duties being Curriculum Coordinator with a permanent contract at a salary of $9,000.00 per year consisting of twelve months." The School Board did not hire her as a teacher or supervisor or principal or any of the other categories enumerated in §1101; it hired her as a professional employee. In *Smith v. Darby School District*, 388 Pa. 301, 309-10, 130 A. 2d 661 (1957), we stated, "[a]n examination of these decisions indicates that the criterion for determining whether a position or office is or is not 'mandated' depends upon whether or not the title of the incumbent to the position or office is specifically covered by the phrase 'professional employees' in the statute." In the contract between appellant and appellee, the title given her position was the phrase professional employee itself. Both the Superintendent of Public Instruction and the court below were correct in concluding that they had jurisdiction to hear the appeal.

Section 1212 of the Public School Code, 24 P.S. §12-1212, states, "Before entering upon the work of teaching, every holder of a permanent, special or State certificate, of any kind, shall present it, for registration, to the proper superintendent, who shall record its kind, number and date of issue, together with the branches which it covers." Appellant argues that because the certificate was not presented prior to employment but seven months later appellee abandoned whatever contractual relationship she may have had with the School District.[1] The record discloses, however, that any delay was due to a backlog in the Department of

---

[1] As this requirement only applies to individuals who will be teaching, appellant's insistence that appellee meet it weakens its argument that she was not a professional employee under §1101.

Public Instruction which prevented it from handling promptly appellee's request for a duplicate certificate.

Having determined that the Superintendent and the court below had jurisdiction to hear this appeal, we can turn to the merits. The lower court said:

"Since neither party requested a hearing de novo, we must review the record before the Superintendent of Public Instruction, to determine whether he manifestly abused his discretion or committed an error of law in determining that Miss Spano was accorded a fair hearing."

The lower court based its order that the Board retain appellee as a professional employee on its finding that Miss Spano had not been given a fair hearing and that the Superintendent abused his discretion when he found otherwise. In this appeal both parties feel that the central issue is whether or not Miss Spano was given a fair hearing by the School Board. It is true that when an appeal is not accompanied by a de novo hearing the court of common pleas should examine the record to see if there was a clear abuse of discretion or an error of law on the part of the Superintendent. *Pease v. Millcreek Township School District,* 412 Pa. 378, 195 A. 2d 104 (1963); *Thall Appeal,* 410 Pa. 222, 189 A. 2d 249 (1963); *Tassone v. Redstone Township School District,* 408 Pa. 290, 183 A. 2d 536 (1962); *Appeal of Edwards,* 57 Luzerne 105 (1967). This principle, however, is inapplicable if the appellant's contention is that he did not receive a fair hearing before the School Board.

Sections 1126-29 of the Public School Code of 1949, the Act of March 10, 1949, P.L. 30, art. XI, 24 P.S. §§11-1126, 11-1129, state that before a tenured professional employee is dismissed he is entitled to notice of the charges against him and a public hearing before the board of school directors. At that hearing the board plays a dual role. It acts both as prosecutor and as judge, and because of this it can never be totally un-

biased. See *Spruce Hill Township School District Board of Directors v. Bryner,* 148 Pa. Superior Ct. 549, 25 A. 2d 745 (1942). Cf. *Gardner v. Repasky,* 434 Pa. 126, 252 A. 2d 704 (1969). By providing in §1132(b) for a de novo hearing by request in the court of common pleas as part of the appeal from the decision of the Superintendent, the legislature has given the employee the opportunity for a hearing in a forum free of any bias. Thus, if the employee-appellant desires, he can have his case retried in a forum in which the School Board plays only the role of prosecutor and not that of judge also. If the employee's claim, however, is that he was denied a fair hearing before the School Board and he does not request a hearing de novo before the court, that failure forecloses him from raising the issue thereafter. That is so because bias may to some degree exist in every hearing before a school board, while the jury and prosecutor are one and an employee can not be heard to complain of that alleged bias when he has ignored or rejected the procedure provided by the legislature to eliminate that taint. The opportunity for a de novo hearing before the court must be taken as the exclusive remedy when an employee contends that the board's bias and prejudice has deprived him of a fair hearing.

As we are announcing this principle for the first time today, in the interests of justice we will apply it prospectively only. Therefore, we shall remand the record and permit appellee to request a de novo hearing in the court below. If she chooses not to do so, that court is to review the determinations of the Superintendent (other than that as to the fairness of the hearing) in light of the standard of review enunciated in *Pease, Thall* and *Tassone.*

Order vacated, and record remanded for proceedings consistent with this opinion.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I agree with the majority insofar as it holds that the appellee was a professional employee of appellant school district and that the trial court and the Superintendent of Public Instruction had jurisdiction in this case. Unfortunately, I cannot similarly concur in its conclusions with respect to the effect of Miss Spano's failure to request a de novo hearing and with respect to the proper standard of review in the trial court.

I am unable to understand how, as a matter of justice, the majority can conclude that a professional employee's right to a hearing de novo strips that employee of any right to challenge the fundamental unfairness of the procedures conducted by the School Board. The Public School Code of 1949, 24 P.S. §1-101 et seq. (Supp. 1970), clearly requires that dismissal proceedings be conducted in accordance with certain minimum due process standards. *See* Public School Code of 1949, 24 P.S. §§11-1125-11-1132 (Supp. 1970). I assume that the Legislature did not intend to engage in a useless act and earnestly desired that the prescribed minimum standards be observed. It is well established, however, that when an appealing professional employee requests a hearing de novo he may not also challenge the regularity of the proceedings conducted by the School Board. E.g., *Ambridge Borough School District v. Snyder,* 346 Pa. 103, 29 A. 2d 34 (1943). And the majority, by denying aggrieved professional employees who do not request a de novo hearing the right to contest the propriety of the hearing conducted by the School Board, strips the professional employees of any ability to enforce their legislatively-given due process rights. The majority forces professional employees to accept whatever kind of a "hearing" the School Board chooses to give them, and to rely on de novo proceedings in the common pleas courts for a fair hearing.

I must comment separately on the majority's incredible assertion that we should not expect the School Board to offer its professional employees a truly fair hearing because of its "dual" role as "prosecutor and judge." Almost every administrative agency in this Commonwealth acts at some time or another as "both prosecutor and judge" in the course of its proceedings; and they are all nonetheless required to conduct their proceedings in accordance with certain minimum standards of fairness. I strongly believe that one of the central principles of a democratic government is that it must provide impartial adjudication when the state **and** one of its citizens are opposing litigants. I do not think it is too much to ask of a public agency like a school board that it restrain its prosecutorial zeal and provide at least a modicum of procedural fairness to every citizen who appears before it. I hardly believe that the majority's permissive decision will advance the cause of ordered liberty.

I cannot assent to this judicial destruction of a legislative mandate. It is my view that a professional employee's right to continued employment can be extinguished only if the dismissal procedure is conducted within the due process framework required by the Public School Code of 1949. I firmly believe that the required procedures are the prerequisites of a valid dismissal, and I would allow aggrieved professional employees, such as Miss Spano, to vindicate their rights.

Having concluded that the nature of the proceedings conducted by the appellant School Board is a reviewable matter and having examined the record, I am convinced that the trial court was correct in stating that:

"No purpose will be served by reciting all of the many instances which indicate the prejudicial atmosphere which existed at the hearings. The School Board, through its solicitor, set the stage for this atmosphere. The conduct of the hearings was of such a nature as

to indicate either that the School Board had prejudged Miss Spano or, in the alternative, that it could not fairly and justly decide in her case. The refusal to permit objections on the record (R. 6, 7), the comments on her attorney's professional ability (R. 10, 16), statements on the record that the people in attendance were there in a deliberate attempt on the part of Miss Spano or her counsel to disrupt the meeting (R. 10), statements that telephone calls were received from various individuals who did not wish to testify for Miss Spano (R. 10, 11), statements that if Miss Spano wished to, she may file objections or appeal to the State Board of Education and to the County Court (R. 13, 63), threats to expel Miss Spano and her counsel from the hearing room (R. 14), and threats to complain to the Bar Association (R. 15) are all matters which we find created such an atmosphere that fair, just, impartial consideration was impossible."

I must also express my disagreement with the majority's assertion that the trial court's review of this type of case should be limited to an examination of the record to determine whether there was "a clear abuse of discretion or an error of law." Neither the applicable statute nor the cases cited by the majority support this conclusion.

The statute which authorizes appeals from adjudicatory decisions rendered by the Superintendent of Public Instruction, Public School Code of 1949, 24 P.S. §11-1132 (Supp. 1970), states that, "[u]pon the hearing of said petition, *the court shall make whatever order it considers just,* either affirming or reversing the action of the Superintendent of Public Instruction, and stating plainly whether the professional employee is to be discharged or is to be retained." (Emphasis added)

This statute so clearly and explicitly gives the reviewing court considerable discretion in its disposition

of the case that the majority's conclusion is almost incredible. Additionally, the narrow standard of review which the majority adopts is vastly inconsistent with the statutory alternative of a de novo hearing, since it is inconceivable that an aggrieved party would ever trust to such a narrow, myopic review procedure when the available alternative is a de novo hearing.

Just as the language of the statute fails to support the majority's conclusion, so do the cases cited. *Tassone v. Redstone Township School District*, 408 Pa. 290, 183 A. 2d 536 (1962), was the first case which contained any language similar to that used by the majority, but the discussion of the proper standard of review in that case was pure dictum. The real issue in *Tassone* was the availability of a de novo hearing to an appealing school board, and the actual holding was that an aggrieved school board was not entitled to such a hearing.

The second case is *Thall Appeal*, 410 Pa. 222, 189 A. 2d 249 (1963), wherein this Court asserted that where an appeal is prosecuted by a school board from an adverse decision of the Superintendent of Public Instruction, the court of common pleas should look to see only if there was a manifest abuse of discretion or error of law. In support of this conclusion the Court did nothing more than to cite *Tassone* and assert that the Superintendent's "expertise" justified the imposition of a narrow standard of review. The language of 24 P.S. §11-1132 was neither cited nor discussed and the holding was explicitly applied *only* to appeals prosecuted by a school board.

The third relevant case, *Pease v. Millcreek Township School District*, 412 Pa. 378, 195 A. 2d 104 (1963), again involving an appeal by a school board, did no more than cite *Tassone* and *Thall* without discussion before affirming the Superintendent's determination in an exhaustive factual discussion.

Although some of the language in these cases superficially indicates that a narrow standard of review is appropriate in an appeal by an aggrieved professional employee from an adverse decision of the Superintendent of Public Instruction, I believe that a careful reading of the cases demonstrates that neither their holdings nor their logic supports such a result. When the question of the proper standard of review is confronted in the context of an appeal by a professional employee, it seems evident to me that the common pleas courts were intended to have and should have a broad scope of review in order to fulfill their legislative mandate to "make whatever order it considers just." Accordingly, I dissent.

Mr. Justice EAGEN joins in this dissenting opinion.