## Goodwin v. Centre County Board of Education

*Charles C. Brown, Jr.,* of *McQuaide, Blasko, Brown & Geiser,* for plaintiff.

*John R. Miller,* of *Miller, Kistler & Campbell,* for defendant.

CAMPBELL, P.J., February 22, 1972.—Plaintiff was employed as a temporary professional employe to teach cosmetology at the Centre County Vocational-Technical School. The contract, dated June 11, 1969, called for a term of 10 months for an annual compensation of $8,333, payable monthly for the school term or year. Typed at the bottom of the printed contract was the following statement:

"A ten (10) months contract is understood to be 180 days plus ten (10) working days prior to the first day of the 180 day term and ten (10) days after the last day of the 180 day term."

The contract further contained the standard printed provisions that it was subject to the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS § 1-101 et seq., and that this contract shall continue in effect until the expiration of two years of satisfactory service rendered to the school district unless otherwise terminated. Plaintiff was dismissed on March 13, 1970. She was paid $5,542.11 and, based on her contention that she was improperly dismissed from a two-year contract, she now demands in assumpsit the amount of $11,123.89.

This court ruled as a matter of law that plaintiff had only a 10-month contract and, since defendant

contended that plaintiff's dismissal had resulted from her not having rendered satisfactory service, the case was submitted to the jury squarely on that issue. The jury found for defendant. Plaintiff has filed motions for judgment n.o.v. and for a new trial.

Plaintiff's motion for judgment n.o.v. is dismissed for the reason that there is an abundance of evidence to support the jury verdict and from plaintiff's brief, it would appear as though this motion were abandoned.

Plaintiff, in support of her motion for a new trial, advances three arguments:

*First,* that the court erred in its ruling that the employment agreement was a 10-month contract. We hold otherwise. The language appears clear that a 10-month term was contemplated and the provision regarding the continuation for two years is declaratory of section 1108 of the school code regarding eligibility for tenure by a temporary professional employe. We believe this does not contradict the clear language of the contract indicating the duration thereof. The Superior Court has held in the case of Tishock v. Tohickon Valley Joint School Board, 181 Pa. Superior Ct. 278 (1956), that there is nothing in the school law which requires the school board to engage the services of a temporary professional employe for a year or for any other definite time. Even if we erred in the construction of the duration of this contract, the same was harmless error, since the jury found for defendant and refused to compensate plaintiff for the balance of the 10-month period, which we advised the jury they had the right to do.

*Secondly,* plaintiff contends that a director of vocational education is not a person authorized by the school code to rate temporary professional employes. We find no merit in this contention. The director of

vocational education was the supervisor who had supervision over plaintiff temporary professional employe and all ratings and actions were approved by the county or district superintendent. We believe this to be in full compliance with the school code.

The *third* and last contention of plaintiff is that plaintiff could not be dismissed from her contract unless she were furnished anecdotal notes. It is undisputed that plaintiff never received anecdotal notes as such. The magic word "anecdotal" has found its way into court opinions in an unusual fashion. First of all, nowhere can there be found any legislative requirement. Secondly, the rating form which once required a copy of anecdotal records to be supplied to an employe in the event of an unsatisfactory rating, apparently has been replaced by a new one which no longer contains such a requirement.

To hold that the physical act of handing a copy of anecdotal records to a temporary professional employe is a mandatory prerequisite to a legal termination of a contract of employment is unrealistic and no longer, if it ever were, the law of this Commonwealth. We prefer to hold that a temporary professional employe is entitled to all of the elements of due process and to be dealt with fairly and in accordance with the school code. The employe should not be capriciously or arbitrarily dismissed.

The facts of this case are abundantly clear that the plaintiff was fully informed on numerous occasions of the areas in which she was not rendering satisfactory service; that she was given an opportunity to improve or correct the deficiencies; that her work was observed; that she had conferences with the supervisory personnel in which she was advised of the specific manner in which she failed to render satisfactory service; that she was rated unsatisfactory on at

least two occasions, both of which were approved by the district superintendent in accordance with the school code.

It must be borne in mind that plaintiff is not here asking for reinstatement but, on the contrary, is suing in assumpsit for a breach of a contract. She has the burden of proving that she had rendered satisfactory service, which issue was squarely placed before the jury. The key issue is not whether or not the method of dismissal is a correct one, but whether or not plaintiff breached the contract by failure to render satisfactory service.

We find no appellate court cases which squarely hold that a temporary professional employe cannot be discharged or her contract terminated unless written anecdotal records were previously furnished to the employe. We believe that the furnishing of anecdotal records is a good one, and the practice has evidentiary value in distinguishing between a case of arbitrary and capricious dismissal from one where the dismissal is a result of valid and just grounds after the employe has been notified and afforded due process. It likewise serves as a warning that improvement in performance is essential: Thall Appeal, 410 Pa. 222 (1963). Where the evidence is clear that a teacher had been informed of her deficiencies and just grounds for dismissal are present, we squarely hold that the failure to provide anecdotal notes does not prohibit the dismissal of the employe (Mulhollen Appeal, 155 Pa. Superior Ct. 587 (1944)); but in mandamus actions where the dismissal would appear to be arbitrary and capricious, our appellate courts, in footnotes and dicta, have called attention to the fact that anecdotal notes should have been furnished: Mullen v. DuBois Area School District, 436 Pa. 211 (1969); Elias v. Board of School Directors, 421 Pa. 260 (1966).

It is interesting to note that in the Mullen case, supra, our Supreme Court saw fit to interpret as *directory* a provision of the school code which requires that the affirmative vote of a majority of all the members of the board of school directors *shall* be required to take action on the appointing and dismissing of teachers, and failure to do so renders the acts void and unenforceable, 24 PS §5-508. To now hold that a requirement mentioned in a rating form prepared by the Department of Public Instruction, as opposed to a statutory requirement, is a mandatory prerequisite to a dismissal, would appear to be most unusual and inconsistent when the facts are clear that the teacher was afforded due process.

For these reasons we refuse plaintiff's motion for a new trial and judgment is entered on the verdict.