The Board of School Directors of the Centennial School District, Petitioner *v.* Commonwealth of Pennsylvania, Secretary of Education, Respondent; Ruth F. Grant, Intervenor.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and RODGERS, sitting as a panel of three.

*John P. Diefenderfer*, with him *Stuckert, Yates and Krewson*, and, as co-counsel, *Theodore J. Martineau* and *Ballard, Spahr, Andrews and Ingersoll*, for petitioner.

*Donna Weldon*, with her *Patricia A. Donovan, Deputy Attorney*, for respondent.

*Richard W. Rogers*, with him *Charles J. King, Jr.,* and *Rogers, King & Cole*, for intervenor.

OPINION BY JUDGE ROGERS, August 9, 1977:

The Board of School Directors of the Centennial School District (School Board) has appealed an order

of the Pennsylvania Secretary of Education (Secretary) reversing its discharge of Ruth F. Grant, a tenured professional employee, and ordering her reinstatement as its employee.

The School Board hired Grant as a school psychologist on March 1, 1972 to work in its Office of Pupil Personnel Services. Her duties included those of counseling, testing and evaluating normal as well as mentally or emotionally handicapped children, and in the case of the latter placing them in classroom settings compatible with their abilities. Grant's work during the 1974-1975 school year was determined to be unsatisfactory by Dr. Ann Marie Andrews, the director of Pupil Personnel Services and herself a psychologist. She duly gave Grant an unsatisfactory rating on Pennsylvania's Department of Education form DEBE-333, and this rating was approved by the District. Grant was given a copy of the DEBE-333 and of an anecdotal record as required by the form. Grant was then formally charged with immorality, incompetency, persistent negligence, intemperance, and persistent and wilful violation of the school laws. After hearings, the School Board voted to sustain the charge of incompetency and terminated Grant's employment on this ground. On Grant's appeal, the Secretary of Education, after taking additional evidence as to Dr. Andrews' qualifications to rate Grant's performance, made the following pertinent finding of fact and conclusion of law:

### FINDINGS OF FACT

. . . .

6. The unsatisfactory rating Mrs. Grant received on July 11, 1975 was the only rating she had received during the course of her employment in the Centennial School District.

. . . .

DISCUSSION

. . . .

> [Mrs. Grant's] dismissal for incompetency
> was improper because she received only one
> unsatisfactory rating during the course of her
> employment in the Centennial School District
> whereas two unsatisfactory ratings are needed
> in order to dismiss a professional employe. . . .

The Secretary reversed the School Board's decision and reinstated Grant with back pay solely for the reason stated in the conclusion and did not reach the merits. We granted the School Board application for a supersedeas pending the appeal to this Court.

The Secretary's crucial finding that Grant was rated only once during her employment with Centennial School District is not disputed. The only issue is whether the Secretary committed an error of law in holding that a professional employee must be the subject of two unsatisfactory ratings before being dismissed for incompetency.

Of course Grant could not be dismissed without full compliance by her employer with the requirements of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-102 et seq. *Pointek v. Elk Lake School District*, 26 Pa. Commonwealth Ct. 62, 360 A.2d 804 (1976).

Section 1122 of the Code 24 P.S. §11-1122 provides pertinently:

> The only valid causes for termination of a
> contract heretofore or hereafter entered into
> with a professional employe shall be immoral-
> ity, incompetency, intemperance, cruelty, per-
> sistent negligence, mental derangement, advo-
> cation of or participating in un-American or
> subversive doctrines, persistent and wilful vio-
> lation of the school laws of this Commonwealth

on the part of the professional employe. . . .

Section 1123, 24 P.S. §11-1123, requires that:

In determining whether a professional employe shall be dismissed for incompetency . . . the professional employe . . . shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of [Education]. . . . Rating shall be done by or under the supervision of the superintendent of schools or, if so directed by him, the same may be done by an assistant superintendent, a supervisor, or a principal, who has supervision over the work of the professional employe or temporary professional employe who is being rated: Provided, That no unsatisfactory rating shall be valid unless approved by the district superintendent.

As is apparent, neither Section 1122 nor Section 1123 of the Code requires that two unsatisfactory ratings be given prior to dismissal for incompetency. Section 1123 requires that the professional employee be rated and directs the Department of Education to provide standards and regulations for scoring of professional employees defined by rating cards. The Department of Education has provided for the use of school districts its rating card DEBE-333 answering the description of Section 1123. The card DEBE-333 used to rate Grant is in the record. It does not say that two unsatisfactory ratings must precede a dismissal for incompetency. It has, however, been apparently long-standing Department interpretation of the card that two ratings are required, seemingly grounded on the inference that if the word unsatis-

factory means "improvement is essential to justify continuance in the service," as the card says, the employee must be given an opportunity to improve after the first rating. This view of the card taken by the Department was adopted by the Supreme Court in *Thall Appeal,* 410 Pa. 222, 189 A.2d 249 (1963). There, one of several reasons given by the court for sustaining the Secretary's reinstatement of a teacher was the school district's failure to observe the Department's implied two unsatisfactory rating regulation.

The Centennial School District says that the two rating regulation sought here to be enforced is invalid because neither the DEBE-333 card from which it derives nor any other reference to it has been deposited with the Legislative Reference Bureau for inclusion in the Pennsylvania Code pursuant to the Commonwealth Documents Law (CDL), Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §1101 et seq. The Secretary, and Grant as intervening party, seem to say that the Department's two unsatisfactory rating regulation needs no imprimatur other than that of the Supreme Court provided by *Thall Appeal, supra.* The difficulty with the Secretary's and Grant's contention is that *Thall Appeal* clearly was decided five years before the enactment of the CDL. *Thall Appeal* recognized the implied two unsatisfactory rating requirement as a departmental regulation. Sections 207 and 208 of CDL, 45 P.S. §§1207, 1208, respectively provide that:

> The agency text of all administrative and other regulations and changes therein, certified by the executive officer, chairman or secretary of the agency, shall be deposited with the Legislative Reference Bureau. . . .

> An administrative regulation or change therein promulgated after the effective date of

this act shall not be valid for any purpose until filed by the Legislative Reference Bureau. . . '. Since the text of the regulation on which the Secretary based his order overturning Grant's dismissal was not filed it was invalid.

The Secretary and Grant have not, but could, make the argument that if any part of its regulation (by DEBE-333 card) is invalid for failure to comply with the CDL, then all of it is invalid, with the results that Centennial School District could not make ratings and dismiss professional employees for incompetency. The answer is that the first sentence of Section 1123 requires only that the professional employee be rated by an approved rating system giving due consideration to personality, preparation, technique, and pupil reaction. The DEBE-333 card on which Grant was rated provides a place for consideration of the four factors just mentioned; and it has been approved by the Department of Education. The fact that other things appearing on the card, including matters to be inferred from the use of language on the card, may be invalid because not filed as required by the CDL, does not in our opinion destroy the effectiveness of the school district's rating. In addition, a holding that no professional employee may be dismissed for incompetency for even the short time it takes the Department to file its regulations would be unnecessarily at odds with the Public School Code's only real purpose—to assure the best possible education for the children of the Commonwealth.

The Secretary and Grant finally say that we should affirm the Secretary's reinstatement of Grant as punishment of the School District for its failure to make regular ratings of Grant's performance. It is true that Grant was rated only once, and that time only shortly before her dismissal. Her service with

Centennial began on March 1, 1972 and ended in July 1975. Apparently none of the six psychologists employed by the district were regularly rated. At least four different persons were in charge of the district's Department of Pupil Personnel Services during Grant's tenure. The authority cited in support of punishing the district for not having more regularly rated Grant is dicta from *Thall Appeal, supra,* to the effect that if school districts continued in what the Supreme Court saw as a practice of not making ratings that Court might at some future time overturn a district's personnel action for this failure alone. The circumstances of this case are altogether different from those in *Thall Appeal,* where the teacher was rated once in 30 years and where such neglect seems to have been endemic to the school district there involved.

As we earlier noted, the Secretary did not consider the merits of the school district's action. We will remand the record for this purpose.

ORDER

AND Now, this 9th day of August, 1977, it is ordered and decreed that the decision of the Secretary of Education be and it is reversed, and that the record be and it is remanded to the Secretary of Education for review of the merits of the appeal of Ruth F. Grant from the action of the Board of School Directors of the Centennial School District.