Ruth F. Grant, Petitioner *v.* The Board of School Directors of the Centennial School District, Respondent.

Argued December 5, 1983, before Judges Rogers, MacPhail and Barry, sitting as a panel of three.

*Charles J. King, Jr., Rogers, King & Cole,* for petitioner.

*John Philip Diefenderfer, Stuckert, Yates & Krewson,* for respondent.

OPINION BY JUDGE ROGERS, February 28, 1984:

This is an appeal of a professional employee of the Centennial School District, Bucks County, from the order of the Secretary of Education upholding the action of the Board of School Directors dismissing her from the district's employ.

The school board dismissed the appellant from her employment as a school psychologist for incompetency in August, 1975. The school board acted by vote at a board meeting; and it did not produce a written adjudication with findings of fact. The employee appealed to the Secretary of Education who set aside the board's action on the ground that the appellant had not been twice rated unsatisfactory prior to her dismissal. The Secretary did not review the merits of the school board's action.

The school district appealed the Secretary's order and in *Centennial School District v. Secretary of Education*, 31 Pa. Commonwealth Ct. 307, 376 A.2d 302 (1977) (allocatur refused), we held that there was no law or valid regulation which required that a professional employee be rated unsatisfactory two times before being dismissed for incompetence and we remanded the record to the Secretary of Education for a review of the merits of the employee's appeal. The Secretary, without taking additional evidence or producing an adjudication, upheld the dismissal.

The employee appealed the Secretary's action. In *Grant v. Board of School Directors of the Centennial School. District*, 43 Pa. Commonwealth Ct. 556, 403 A.2d 157 (1979), being unable to conduct a review because neither the board nor the Secretary had produced a written adjudication, we vacated the Secretary's order and remanded the record to the Secretary for "an adjudication, including findings of fact."

By an adjudication made August 10, 1981, and containing findings of fact, the Secretary dismissed the appeal. This third appeal followed.

The appellant first contends, as we understand. her brief, that the Secretary misconceived the standard by which he should have reviewed the board's action; that instead of reviewing the record and deciding the matter afresh and independently of the board's decision, as the appellant says he should have done, the Secretary made findings calculated to support the school board's action dismissing her. This argument is based on a sentence in the Secretary's adjudication to the effect that the "question before the Secretary was that of whether the record contains evidence upon which findings of fact on the merits can be made to uphold the [school district's] dismissal of appellant." The appellant misinterprets

this statement. There is certainly nothing in the adjudication suggesting that the Secretary believed that he was bound other than to decide the matter on the merits as he found them to be upon a review of the record. We read the Secretary's statement as meaning that the question before him was that of reviewing the record, making findings based on the record and then deciding whether the school board correctly concluded that the appellant was incompetent.

The appellant next contends that the Secretary's findings are not supported by the record. The school administration's case was principally presented through the appellant's supervisor, a Dr. Anne Marie Andrews, who testified that the appellant's duties were diagnostic and consultive. The diagnostic function consisted of testing and evaluating exceptional students to determine their proper placement, whether in regular or special classes or otherwise. The consultive function consisted of working with teachers, administrators, parents and the children in helping them to understand and deal with the children's problem with education. A product of the diagnostic function were reports of psychological testing, evaluations, and recommendations for placements. These reports were required to be reviewed and co-signed by another psychologist. During the last year of the appellant's work for the district she could not induce any of the other five or so psychologists on the staff to co-sign her reports because they would not put their names on the work. The supervisor, a doctor of psychology, reviewed the reports and described them as lacking content and quality. She gave detailed descriptions of these deficiencies, consisting of the failure to give sufficient or proper tests, improperly scoring tests, making inappropriate placement recommendations and being indifferent to her short-

comings when they were brought to her attention. The supervisor also testified that the appellant failed in some cases to consult with parents as she was required to do. At conferences with teachers, parents and social workers of special students, the appellant, according to her supervisor, was a silent member, rather than a contributor, which as the person who had tested and evaluated the child she should have been. This testimony supported the Secretary's findings and his conclusion that good grounds existed for the appellant's dismissal for incompetence.

The appellant's final question asks whether the Secretary's "proper findings of fact support a finding of incompetence as a matter of law." Under this general heading, the appellant presents a potpourri of suggested principles. We gather that the appellant agrees that some of the Secretary's findings are proper. Since the findings on the merits track the supervisor's testimony, which we have described and which was essentially unrebutted, it may be supposed that the appellant's reference is to findings that the appellant's reports were inadequate, her testing inadequate, her placement recommendations ill-considered, her conduct in conferences unhelpful and her progress imperceptible. The appellant says that these deficiencies are not included within the meaning of incompetency because Section 1123 of The Public School Code of 1949, 24 P.S. §11-1123, requires that the school district in making ratings shall give due consideration to "personality, preparation, technique and pupil reaction" and that the findings do not relate to these concerns. It would seem to us that the findings relate to preparation and technique and possibly personality. In addition, the fact that the statute says that consideration should be given to the qualities mentioned does not mean that other matters,

such as lack of judgment or simple ability, may not also be considered. Also, on the one rating the appellant was given she was marked unsatisfactory in all of the four qualities mentioned.

The appellant also renews her contention that one unsatisfactory rating cannot support a dismissal for incompetence. However, the law of this case was made on the first appeal to this court where we found that there was no statute or valid regulation requiring that two unsatisfactory ratings should precede a dismissal.

Order affirmed.

ORDER

AND Now, this 28th day of February, 1984, the order of the Secretary of Education dated August 10, 1981 is affirmed.