## Central Bucks School District v. Central Bucks Education Association

*Thomas F. J. MacAnniff,* for plaintiff.
*A. Martin Herring,* for defendant.

BECKERT, *J.,* October 21, 1988—This case comes before us on Central Bucks School District's petition seeking to have us vacate an arbitration award entered in favor of respondent Central Bucks Education Association. The issue dealt with by the arbitrator, and resolved in the affirmative, is whether the school district violated the Pennsylvania Public School Code of 1949, as amended, 24 P.S. §11-1101 et seq., by failing to grant salary-step credit to permanent contracted employees for their previous service to the school district as long-term substitute teachers.

By way of factual background, the Central Bucks Education Association, an unincorporated association, is the certified bargaining representative of the bargaining unit which includes all of the professional employees of the Central Bucks School District. The district and the association have been parties to a collective bargaining agreement for the period from 1985 to 1989, and have operated under several such agreements dating back to 1973. Under the provisions thereof, employees hired by the district to fill teaching positions were placed in one of two categories; either they were classified as permanent contracted employees (including employees hired pursuant to a professional or temporary professional contract) or as regular employees not hired pursuant to a permanent contract (including long-term substitutes and per diem substitutes).

The grievants on whose behalf this dispute was initiated are currently employed by the district as professional employees and temporary professional

employees. Before they were hired into those categories of service they had been employed as long-term substitute teachers in the district. Their grievance was filed to seek salary-step credit for that previous service, retroactive to the date of hiring of each grievant. The arbitrator agreed with their position. The district, however, maintains that the arbitrator's award is contrary to law and therefore must be overturned.

We have previously addressed at considerable length, with numerous case citations, the allowable scope of our review of an arbitrator's decision with respect to a grievance raised under the collective bargaining agreement between these same parties. See *Central Bucks School District v. Central Bucks Education Assoc. et al.*, 44 Bucks L. Rep. 264 (1984). Therein, we explained that the collective bargaining agreement, which provided the method for dealing with all grievances, incorporated by reference the Public School Code. The same holds true here.

Our task now is to examine the arbitrator's decision to determine whether it appears manifestly unreasonable. If his interpretation of the collective bargaining agreement can in any rational way be derived from that agreement, then it must be upheld. *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association*, 104 Pa. Commw. 191, 521 A.2d 965 (1987).

The district contends that close examination of the relevant sections of the School Code reveals a legislative intent to differentiate between entitlements of long-term substitutes and those of professional and temporary substitutes. Several code provisions offer us guidance in that regard:

"Section 11-1101. *Definitions*—

"As used in this article,

"(1) The term 'professional employee' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

"(2) The term 'substitute' shall mean any individual who has been employed to perform the duties of a regular professional employee during such period of time as the regular professional employee is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employee who is absent.

"(3) The term 'temporary professional employee' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employee whose services have been terminated by death, resignation, suspension or removal.

"Section 11-1141. *Definitions*—

"For the purposes of this subdivision.—

"(1) 'Teacher' shall include all professional employees and temporary professional employees, who devote 50 per centum of their time, or more, to teaching or other direct educational activities, such as class room teachers, demonstration teachers, museum teachers, counsellors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employees and temporary professional employees, certificated in accor-

dance with the qualifications established by the State Board of Education.

"Section 11-1148. *Substitute teachers*—

"Substitutes shall be paid not less than the minimum salary provided for by this subdivision, or in the event they are employed for less than a full school year, the proportionate part of such minimum salary equal to the proportionate part of the school year during which they are employed, arrived at by dividing the number of days during which a substitute was employed by the total number of days the schools of the district were in session during the school year."

Although the specific status of long-term substitutes has apparently not been judicially determined by our appellate courts, we believe the situation here before us closely resembles that in *Richland Education Assoc. v. Richland School District,* 53 Pa. Commw. 367, 418 A.2d 787 (1980). There, our Commonwealth Court held that "preferred substitute" teachers who worked every day of the school year were to be considered "teachers" includable within the labor bargaining unit under the Public Employee Relations Act, 43 P.S. §1101-101 et seq. The appellate court readily concluded that "preferred substitute" was not to be equated with "substitute" as expressly defined in section 1101 of the School Code, but rather was a "hybrid position" created by the Richland School Board in an attempt to gain the advantage of having available all year certified teachers as full-time employees but who were excluded from the bargaining unit.

The "long-term substitute" position at issue here is akin to "preferred substitute" in *Richland*; we believe any difference is no more than semantic. This conclusion finds support in the case of *Brentwood*

*Borough School District Appeal,* 439 Pa. 256, 267 A.2d 848 (1970), where our Supreme Court construed sections 1101· and 1141 of the School Code together in deciding that:

"[a]n individual is a teacher for purposes of section 1141 if he holds the necessary certificate and devotes at least half his time to teaching or direct educational activities, and he is a professional employee under section 1101 if he is a teacher under section 1141." 439 Pa. at 260, 267 A.2d at 850.

We feel that the better reasoned position is the one adopted by our courts in the foregoing cases characterizing long-term substitute teachers as professional employees, in view of the premise that a substitute who works every day is not, in practical reality, anything less than a "regular" teacher. The arbitrator's decision that section 1142 of the School Code mandated the grant of appropriate prior service credit to former long-term substitutes who were later employed on a permanent contracted basis seems to us to have been firmly grounded upon the cases discussed herein interpreting the relevant code provisions having an interplay with the parties' collective bargaining agreement. Finding such a rational basis in the agreement, we are not at liberty to substitute our interpretation for his.

While we recognize that the term "professional employee" has wide-ranging implications (i.e. such an employee could not be laid off from work without first having the benefit of a hearing, whereas an ordinary substitute teacher could be summarily terminated), we nonetheless recognize that our resolution of this dispute must be based upon our lawful powers of review, rather than a projection of the possible economic consequences of the decision reached.

The district urges us to follow the holding of

*Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association, supra,* and find that the arbitrator here, as there, exceeded his authority by failing to follow well-established case law. For reasons already stated, we find his position amply supported and well-reasoned, consistent with existing case authority which points strongly toward the result which he reached.

## ORDER

And now, October 21, 1988, the rule heretofore entered on April 1, 1987 and directed upon the Central Bucks Education Association to show cause why the award of the arbitrator in this matter should not be corrected is hereby discharged and the relief requested in the notice of appeal and petition of Central Bucks School District for review of the award of the arbitrator is hereby denied and refused.