Kisu Rhee, Appellant, *v.* Allegheny Intermediate Unit Number 3, Appellee.

Argued November 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas E. Lippard,* with him *Houston, Cooper, Speer & German,* for appellant.

*Thomas M. Rutter, Jr.,* with him *Goehring, Rutter & Boehm,* for appellee.

OPINION BY JUDGE MENCER, January 8, 1974:

This is an appeal from the decision of the Court of Common Pleas of Allegheny County dismissing the petition of Kisu Rhee (Rhee) for a writ of mandamus ordering the Allegheny Intermediate Unit Number 3 (Intermediate Unit) to (1) grant him a contract as a professional employe, (2) reinstate him to his former position, and (3) refrain from demoting or discharging him unless and until it granted him the hearings and safeguards to which he was entitled as a professional employe under the Public School Code of 1949 (Code).[1]

In July of 1968, Rhee had received notification from the Allegheny County Board of School Directors (the predecessor to the Intermediate Unit) that he had been elected by them to the position of Assistant Director, ESEA Title VI, as related to special education and the Regional Instructional Material Center of the Allegheny County School Board. Rhee held this position until October 9, 1971, at which time he was discharged for incompetency, neglect of duty, and other improper conduct. After his demand for a hearing on his discharge

---

[1] Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §1-101 et seq.

was denied by the Intermediate Unit, Rhee brought a mandamus action before the Court of Common Pleas of Allegheny County. The Court, presided over by the Honorable FREDERIC C. WEIR, dismissed the action and Rhee's subsequent exceptions, and this appeal then followed.

Initially, we must note our scope of review. We agree with both parties that the Supreme Court, in *Lawner v. Engelbach*, 433 Pa. 311, 313, 249 A. 2d 295, 297 (1969), stated our role when it said, "At the appellate level it is not our duty to find the facts but to determine whether there is evidence in the record to justify the trial court's findings of fact." Mindful of our limited scope of review, we now discuss the issue presented by this appeal.

We agree with Judge WEIR that the sole question for determination is whether Rhee is a "professional employe" as that term is defined in Section 1101(1) of the Code, 24 P.S. §11-1101(1). If Rhee is a professional employe, then he has all the rights incident to such status, including the right to a hearing upon notice of dismissal.

Judge WEIR found that Rhee was not a professional employe. Rhee argues that this ruling was erroneous because it was based on findings of fact not supported by sufficient evidence and was the result of improperly drawn legal conclusions. We disagree and therefore affirm.

Rhee first attacks, as unsupported by the evidence, Judge WEIR's finding that the Intermediate Unit denied Rhee was required to furnish the School Board with a teacher's certificate. We believe a reading of the record indicates that the testimony of the witnesses for the Intermediate Unit did implicitly dispute Rhee's claim on this point. Therefore, this finding is supported by the evidence. Further, as will be made clear later in this opinion, the outcome of this case did not depend on a finding that a teacher's certificate was or was not

required; consequently, any error on this point had no effect on the decision reached by Judge WEIR.

Rhee's second contention is that we should reverse Judge WEIR's decision because he omitted any specific finding of fact in regard to Rhee's activities directed toward instructing teachers of handicapped children. This contention is without merit. A reading of Judge WEIR's opinion makes it clear that he considered these activities and found that they were not sufficient to qualify Rhee as a professional employe. This finding was supported by the testimony of Dr. Harold Chew, Rhee's superior, concerning the nature of Rhee's duties and the amount of time devoted to each of the various duties.

Rhee's final argument is that Judge WEIR erred by drawing an improper legal conclusion from his findings of fact. Judge WEIR's legal conclusion was as follows: "From the foregoing facts it is clear that the plaintiff's activities are related to the education process. However, it is also clear that the plaintiff's connection with the education process does not bear the direct relationship required by Section 1141 of the Public School Code to qualify him as a professional employee. Consequently, the defendant acted within its power when it refused to give a hearing to the plaintiff upon his dismissal."

Rhee contends that he was employed as a teacher in a newly created position for a limited time and, therefore, is a "professional employe" under the Code. The relevant provisions of the Code are Sections 1101 and 1141, 24 P.S. §§11-1101, 11-1141. Section 1101 defines the terms "professional employe" and "temporary employe" as follows:

"(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists,

school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

. . . .

"(3) The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal."

Section 1141 defines "teacher" in the following manner: "(1) 'Teacher' shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, *to teaching or other direct educational activities,* such as classroom teachers, demonstration teachers, museum teachers, counsellors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary professional employes, certificated in accordance with the qualifications established by the State Board of Education." (Emphasis added.)

The Supreme Court in *Brentwood Borough School District Appeal,* 439 Pa. 256, 260, 267 A. 2d 848, 850 (1970), stated: "Construing sections 1101 and 1141 together an individual is a teacher for purposes of §1141 if he holds the necessary certificate *and devotes at least half his time to teaching or direct educational activities,* and he is a professional employee under §1101 if he is a teacher under §1141." (Emphasis added.) It is clear from the above that the holding of a teacher's certificate does not make one a teacher under Section 1141. One attempting to qualify as a teacher, and hence a professional employe, must also show that he devotes at least half his time to teaching or other direct educational activities.

It does not matter whether Rhee claims to be a professional employe under Section 1101(1) or a tem-

porary professional employe under Section 1101(3). This is because Section 1101(3) can only be read in conjunction with Section 1101(1) by interpreting the term "newly created position" to mean one of the professional categories listed in Section 1101(1). Any other interpretation would result in the possibility of an employe's achieving temporary status in a position for which permanent professional status is not achievable. Since Rhee claims the category of "teacher," the issue remains whether he satisfies the definition of "teacher" given in Section 1141.

Judge WEIR concluded that Rhee was not a professional employe because he was not a teacher under the definition of Section 1141 as interpreted in the above quotation from *Brentwood*. The specific reason, which was implied in Judge WEIR's conclusion, was that Rhee did not prove that he devoted at least half his time to teaching or other direct educational activities.

We find Judge WEIR's conclusion to be supported by the evidence and legally sound. There was testimony from Dr. Chew that the purpose of the material center was to make special education materials available to local schools and institutions. Dr. Chew also gave a breakdown of Rhee's duties, stating that Rhee spent well over half his time on activities such as library functions, purchasing, inventory control, tour guidance, and other office work. This evidence showing the nature of Rhee's duties indicates that they did not legally comprise "teaching or other direct educational activities" under Section 1141.

This evidence was, therefore, adequate to support Judge WEIR's conclusion of law that Rhee did not qualify as a teacher under Section 1141. Since Rhee was not a teacher under Section 1141 and did not show that he satisfied any other category listed in Section 1101(1), he was not a professional employe under the Code.

Order affirmed.