## Charleroi Area School District, Appellant, v. Commonwealth of Pennsylvania, Secretary of Education, Appellee.

Argued February 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Melvin B. Bassi,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 25, 1975:

The decrease in both the size of the student body and of the real income of school districts resulting from inflation and the decline of tax revenue due to unemployment have combined to force responsible school boards

to face up to the reduction of the number of employees they can retain. In such difficult times, "the suit must be cut to fit the cloth" and priorities must be established. Within the bounds of the exercise of sound discretion, it is the school boards' always difficult and frequently distasteful duty and responsibility to reduce the size of either or both the non-professional and professional staff. Under such circumstances, as to professional employees, the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P. S. §1-101 et seq., provides the appropriate procedures to reduce the size of the professional staff that has obtained tenured status. As in the case of the dismissal or suspension of any tenured employee, if these procedures are not followed, then the tenured professional employee affected is entitled to be reinstated. *Jacobs v. Wilkes-Barre Township School District,* 355 Pa. 449, 50 A.2d 354 (1947) ; *Bragg v. Swarthmore School District,* 337 Pa. 363, 367-68, 11 A. 2d 152, 155 (1940).

"In the resolution dismissing appellant, none of the statutory grounds were mentioned as the reason for terminating her contract. Instead, the Board losely characterized the move as being 'economical, efficient, productive . . .' This amounts to saying that whenever the Board deems a teacher unnecessary for any reason whatever, the contract may be successfully terminated. In Langan v. Pittston School District, 335 Pa. 395, 399, we answered such a contention by saying: 'This, of course, was not the intention of the Act; it is directly opposed to it. The purpose of the Tenure Act, reiterated often in our opinions, was "the maintenance of an adequate and competent teaching staff, *free from political and personal arbitrary interference,* whereby capable and competent teachers might feel secure, and more efficiently perform their duty of instruction." ' " (Emphasis in original.)

It is not contested that the proper procedures for the dismissal of a tenured professional employee were not

followed in this instance. As appropriately stated in the first sentence of appellant's brief: "The heart of the issue is whether or not this employee was in fact a professional employee. . . ."[1] The Secretary of Education has decided that the employee involved in this case was a professional employee and has ordered her reinstatement. We must affirm.

Section 1101 of the Public School Code of 1949, 24 P. S. §11-1101(1) (Supp. 1974-75), provides:

"The term 'professional employe' shall include those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, *school counselors,* child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses." (Emphasis supplied.)

Section 2(h) of the Act of August 13, 1963, P. L. 689, 24 P. S. §1225(h) (Supp. 1974-75), *amending* the Act of

---

1. Recognizing that appellant was contesting the employee's status as a professional employee, entitled to the protection of the tenure provisions of the Public School Code, 24 P.S. §11-1127, the employee filed an appeal to the Court of Common Pleas of Washington County under Section 7 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11307. Appellant filed preliminary objections asserting that the Local Agency Law did not apply stating: "The Pennsylvania School Code, 24 P.S. §11-1131, is an 'existing act' under which appeals may be taken." Higginbotham v. Charleroi Area School District, Civil No. 351 July Term, 1973 (C.P. Washington, filed August 3, 1973). This would make the provisions of the Local Agency Law inapplicable. The employee also filed an action of mandamus in the same court to which appellant filed similar preliminary objections. Higginbotham v. Charleroi Area School District, Civil No. 356 July Term, 1973 (C.P. Washington, filed August 3, 1973). It seems strange indeed that when the employee then avails herself of the provisions of the very Acts to which appellant asserted she was entitled, appellant now takes the position she has no such rights.

May 29, 1931, P. L. 210, authorizes the Department of Education to prescribe the professional titles used in the public school system. The regulations of the State Board of Education provide that the Department of Education has the responsibility for "designation of professional titles for personnel." 22 Pa. Code §49.13(b)(2). Pursuant to this authority, the Department has designated three professional titles for position that would fall within the category of School Counselor:

Elementary School Guidance Counselor;

Secondary School Guidance Counselor;

School Psychologist.

*See* Policies, Procedures and Standards for Certification of Professional School Personnel, Pennsylvania Department of Education (1970).

Appellant must have been well aware of these actions cited above, for in the very resolution adopted to employ Mrs. Higginbotham, it was stated:

". . . Betty M. Higginbotham be employed as a Professional Employe to serve as School Psychologist. . . ."

Pursuant to this resolution, Mrs. Higginbotham was offered and signed a Professional Employe Contract.

Having employed Mrs. Higginbotham as a School Psychologist for three years, appellant decided to abolish the position and so notified Mrs. Higginbotham. It took then and takes now the position that its action automatically terminated her employment.

Appellant attempts to avoid the consequences of the clear law in this regard by stating that the Public School Code of 1949 only protects professional employees from either dismissal or suspension without cause, and here the employee was neither dismissed nor suspended; she was terminated because the position she was elected to fill was abolished. The Public School Code of 1949 provides for only three methods to be used if an employee is to be severed: resignation, dismissal, or suspension. The law is clear that if proper procedures are followed, positions

occupied by professional employees may be abolished. *See Smith v. Darby School District*, 388 Pa. 301, 130 A. 2d 661 (1957). Nevertheless, "terminating" the position does not of itself terminate the professional employee's appointment. The minimum to which she is entitled is suspension and after the relevant facts have been determined, she may have rights that would entitle her to be retained in another capacity. *See* Section 1124 of the Public School Code of 1949, 24 P. S. §11-1124.

Accordingly, we enter the following

ORDER

Now, March 25, 1975, the order of the Secretary of Education, dated May 29, 1974, directing the reinstatement of Mrs. Higginbotham as a Professional Employe without loss of pay[2] and to place her in a position for which she is qualified and certified, is affirmed, conditional, however, that if a position for which she is qualified and certified and for which she has senior rights to others occupying such position does not exist, then she may be suspended.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. Admittedly, the regulations of the State Board of Educational provide that the Department of Education has the responsibility for "designation of professional titles for personnel." 22 Pa. Code §49.13 (b) (2). However, my comprehension of such authority, applied to the facts of the instant case, is that the Department may designate "School Psychologist" as a proper professional title and establish standards for certification

---

2. On oral argument, it was pointed out that Mrs. Higginbotham commendably secured other employment for which she had been compensated. Of course, the compensation from other employment will be taken into account when considering the amount of damages to which she is entitled under the provision "without loss of pay."

of personnel as school psychologist. I do not understand that the Department can go beyond this designation and classify a school psychologist to be a school counselor with resulting professional employe status under the provisions of Section 1101(1) of the Public School Code of 1949, 24 P.S. §11—1101(1) (Supp. 1974-75).

This record does not satisfy me that the position of school psychologist is one and the same as that of a counselor or, if not the same, then sufficiently close to be tantamount to the same and consequently intercharge-able for the purpose of meeting the Code's definitional test of "professional employee." When the Secretary of Education determined that "the position of school psychologist comes within the category of school counselors," he simply moved over from the realm of an administrator to that of a legislator. I can only conclude that he erred in so doing.

The fact that Mrs. Higgenbotham was certified to teach is as immaterial here as it was immaterial to her hiring. The Charleroi Area School District did not hire her for classroom teaching, or her ability to do so, and therefore it should not be required to retain her "in a position for which she is qualified and certificated" because it no longer needs her services as a school psychologist. *See Brentwood Borough School District Appeal,* 439 Pa. 256, 267 A. 2d 848 (1970); *Kisu Rhee v. Allegheny Intermediate Unit Number 3,* 11 Pa. Commonwealth Ct. 394, 315 A. 2d 644 (1974); *Narducci v. School District of the City of Erie,* 4 Pa. Commonwealth Ct. 202, 285 A.2d 888 (1971).