Helen K. McCracken, Petitioner *v.* Central Susquehanna Intermediate Unit, Respondent.

Argued February 3, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Robert B. Elion,* with him *Elion-Wayne,* for appellant.

*Raymond C. Schlegel,* with him *Balmer, Mogel, Speidel & Roland,* for appellee.

OPINION BY JUDGE ROGERS, March 7, 1978:

Helen K. McCracken, a former employee of the Central Susquehanna Intermediate Unit, has appealed from an order of the Secretary of Education dismissing her appeal to the Secretary from the Intermediate Unit's action terminating her employment. The Secretary held that he had no jurisdiction because the appellant was not a professional employee of the Intermediate Unit, a prerequisite to appeal to the Secretary by Section 1131 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, 24 P.S. §11-1131. We agree with the Secretary.

Section 1131 of the Public School Code of 1949 permits a professional employee who believes himself aggrieved by the action of a board of school directors to appeal to the Secretary.[1] Section 1101(1) of the Public School Code of 1949, 24 P.S. §11-1101(1), defines a professional employee as follows:

The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school coun-

---

[1] Other school employees may appeal pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

selors, child nutrition program specialists, school librarians, school secretaries, the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

To qualify as a professional employee, a school district employee must prove that he or she fits within one of the categories expressly enumerated by the legislature. *Brentwood Borough School District Appeal,* 439 Pa. 256, 267 A.2d 848 (1970). The appellant contends that she was a teacher. Section 1141 of the School Code of 1949, 24 P.S. §11-1141, provides a definition of teacher as follows:

'Teacher' shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities, such as class room teachers, demonstration teachers, museum teachers, counsellors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary professional employes, certified in accordance with the qualifications established by the State Board of Education.

The Supreme Court has held that "an individual is a teacher for purposes of §1141 if he holds the necessary certificate and devotes at least half his time to teaching or direct educational activities, and he is a professional employee under §1101 if he is a teacher under §1141." *Brentwood Borough School District Appeal, supra,* 439 Pa. at 260, 267 A.2d at 850.

It is conceded that the appellant holds a permanent teaching certificate from the Commonwealth of Pennsylvania. She was required to show further that at least 50% of her time was spent in "teaching or direct educational activities." Appellant admits that her duties did not include teaching; she contends, however,

that almost all her work might be described as direct educational activities.

The appellant had two titles: Coordinator of Non-Public School Services and Director of Adult Basic Education. Under the first she administered the local implementation of Acts 194 and 195 of 1972,[2] each of which provided educational services to nonpublic schools. The appellant testified that the responsibilities of this position included visitations to nonpublic schools, the determination of what materials and services available under the Acts would be suitable for the nonpublic schools and the development of recommendations based on those determinations. She did the paperwork required for applications under Acts 194 and 195, and was charged with keeping the lines of communication open between the nonpublic schools and the Intermediate Unit.

Under the title Director of Adult Basic Education, the appellant was responsible for coordinating the Adult Basic Education program for the Intermediate Unit. She was charged with keeping abreast of State and Federal regulations concerning adult basic education and with application procedures for fund proposals. If it was decided that certain funding should be applied for she would collect the information necessary and prepare the proposal. When funding for a program was obtained, she was to administer the budget to assure that all expenditures were in conformity with the requirements of the grant. She was also responsible for obtaining instructional materials and equipment for the adult education classes.

_____

[2] Respectively, the Act of July 12, 1972, P.L. 861, *as amended*, 24 P.S. §9-972, and the Act of July 12, 1972, P.L. 863, *as amended*, 24 P.S. §9-973. Act 194 was held to be wholly unconstitutional, and Act 195 was held to be unconstitutional in part in *Meek v. Pittenger*, 421 U.S. 349 (1975).

The question of whether the duties of a school district employee are or are not direct educational activities has been decided on a case by case basis. In *Brentwood Borough School District Appeal, supra,* the Supreme Court found that a curriculum coordinator was a teacher under the School Code because her duties were direct educational activities. Those duties included "curriculum development, evening classes for adults and the teacher's in-service program which consisted, among other things, of teacher seminars for the improvement of teacher methods." 439 Pa. at 260, 267 A.2d at 850.

In *Rhee v. Allegheny Intermediate Unit No. 3,* 11 Pa. Commonwealth Ct. 394, 315 A.2d 644 (1974), we concurred in the holding of a trial court that the Assistant Director of Special Education of the Regional Instructional Material Center of the Allegheny County School Board was not a teacher within the meaning of the School Code because his duties—library functions, purchasing, inventory control, tour guidance, and other office work—were not direct educational activities.

As we mentioned earlier, the statute requires the employee seeking to establish that he is a teacher to demonstrate that he devotes at least 50% of his time to teaching or other direct educational activities. As we have also noted, the appellant agrees that she was not engaged in teaching. At the hearings, she made no attempt to indicate which of her activities were administrative and which were directly educational or to demonstrate that she devoted at least 50% of her time to the latter. Her position then and now is that almost everything she did was a direct educational activity. On the contrary, reference to our description of her duties and to the facts of *Rhee v. Allegheny Intermediate Unit No. 3, supra,* shows that almost everything she did was administrative. The Act does not

provide that every employee whose activities have a relationship to education is a teacher; if it did, everyone who worked in or about the school building would qualify. The teacher is one who teaches or who spends half of his time in direct educational activities, such as the successful appellant in *Brentwood Borough School District Appeal, supra,* who as Curriculum Coordinator devoted almost all of her time to developing curricula and to teaching teachers.

Accordingly, we enter the following

### ORDER

AND Now, this 7th day of March, 1978, the order of the Secretary of Education dated December 27, 1976 dismissing the appeal of Helen K. McCracken is affirmed.