The Middle Bucks Area Vocational-Technical School, Petitioner *v.* Elizabeth K. Navarro, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*John Philip Diefenderfer,* with him *Stuckert, Yates and Krewson,* for appellant.

*Richard W. Rogers,* with him *Charles J. King, Jr.,* and *Rogers, King & Cole,* for appellee.

OPINION BY JUDGE DiSALLE, August 22, 1978:

This case involves a petition for review filed by the Middle Bucks Area Vocational-Technical School (Middle Bucks) from an order of the Secretary of Education (Secretary), dated December 14, 1976, reinstating Elizabeth K. Navarro (Navarro) as a professional employe of Middle Bucks and awarding her attorney fees.[1]

The facts of this case, as stipulated by the parties, are as follows:

1. Elizabeth K. Navarro is a professional employee. She has been employed by the Middle Bucks Area Vocational-Technical School from September 1969 to June 1975 in the capacity of School Nurse. She was issued a temporary professional employee contract with the Vo-Tech School on June 16, 1969.

2. At its meeting of May 10, 1976, the Executive Council of the Vo-Tech School decided, by resolution, to eliminate the position of school nurse. The reasons given for this action are as follows: The position of school nurse was superfluous at the Vo-Tech School because school nurse services could be provided by the affiliated school districts which were sending students to the Vo-Tech school; the School Nurse certificate did not qualify the holder to teach any vocational courses, such as 'health assis-

---

[1] The order provided that Navarro was to be reinstated to any position for which she was qualified and certified and for which she had rights senior to the person presently occupying such position.

tant' or 'practical nursing'; emergency first aid care or services could be provided by a person qualified in first aid, instead of by a school nurse.

3. By letter dated May 11, 1976, Vincent P. Fosbre, Director of the Middle Bucks Area Vocational-Technical School, notified Mrs. Navarro of the Executive Council's decision to eliminate the position of School Nurse. The letter stated: 'Therefore, your services will not be required for the school year 1976-77 or in the foreseeable future.'

4. By letter dated June 8, 1976, Mrs. Navarro, through her attorney, referred to the May 11th letter from Mr. Fosbre and requested a hearing before the Executive Council.

5. By letter dated June 14, 1976, the solicitor for the school district acknowledged receipt of Mrs. Navarro's June 8th communication and asked what type of hearing she was requesting and under what authority her demand was being made.

6. By letter dated July 30, 1976, Mrs. Navarro's attorney notified the solicitor that a hearing was being requested on the basis that she had either been suspended or dismissed, and if the former, was entitled to a hearing under the Local Agency Law, 53 P.S. §11301, and if the latter, was entitled to a hearing under Section 1127 of the School Code. Her attorney requested specific information as to whether she had been dismissed or suspended.

7. By letter dated August 16, 1976, the solicitor notified Mrs. Navarro's attorney that the elimination of the position of School Nurse was in the nature of a lay-off or suspension. The

solicitor stated that, in his opinion, the Local Agency Law was not applicable and therefore, a hearing would not be provided.

8. On September 15, 1976, Mrs. Navarro filed an appeal in the Court of Common Pleas of Bucks County contending that she is entitled to a Local Agency Law hearing.

9. On the same day, September 15, 1976, Mrs. Navarro filed a Petition of Appeal in the Office of the Secretary of Education contending that she had been improperly terminated as a professional employee. She requested that the Executive Council be ordered to provide a hearing on her termination and reinstate her as a School Nurse pending the outcome of such a hearing.

10. On October 12, 1976, the Vo-Tech School filed an Answer to the Petition of Appeal of Mrs. Navarro, raising as new matter a challenge to the Secretary of Education's jurisdiction to hear the appeal.

11. On October 15, 1976, a hearing was held in the Office of the Secretary of Education of the Petition of Appeal of Mrs. Navarro. Counsel agreed by stipulation to the relevant facts.

At the hearing before the Secretary, Middle Bucks contended that he lacked jurisdiction to hear Navarro's petition on two grounds. It argued that the action taken by the Middle Bucks Executive Council in eliminating Navarro's position was a suspension and not a dismissal. Therefore, any appeal rights held by Navarro should have been pursued under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301 et seq., and not under the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq. Moreover, Mid-

dle Bucks argued that the Executive Council's action in eliminating Navarro's position was a governmental decision, and not an adjudication dismissing or suspending her. It contended therefore that the decision could be challenged only by an action in mandamus.

Upon consideration of the stipulated facts and the testimony presented, the Secretary ruled that Navarro had not been properly suspended because the Executive Council had failed to take official action to suspend her. He also noted that Council's unwillingness to honor Navarro's request for a hearing was inconsistent with its contention that Navarro had been suspended. The Secretary did not consider the letter sent to Navarro by the district's solicitor some three months after the Council's resolution to be sufficient evidence that she had been suspended. He noted that the letter failed to mention any of the rights guaranteed Navarro under Sections 1124 or 1125 of the Public School Code of 1949, 24 P.S. §§11-1124-25, concerning the suspension of professional employes. Moreover, the letter specifically denied Navarro's right to a hearing before the Executive Council as provided under Section 4 of the Local Agency Law, 43 P.S. §11304. Based on these factors, the Secretary ruled that he had jurisdiction to hear Navarro's petition, and, following the hearing, decided that Navarro was entitled to reinstatement. He reasoned that whether Navarro was suspended or dismissed, she was entitled to a hearing before the Executive Council. The failure to provide her with such a hearing rendered the termination of her employment invalid. Middle Bucks appealed.

We are of the view that this case is controlled by our decision in *Charleroi Area School District v. Secretary of Education,* 18 Pa. Commonwealth Ct. 121, 334 A.2d 785 (1975). Judge WILKINSON, speaking for the majority in that case stated:

Appellant [School District] attempts to avoid the consequences of the clear law in this regard by stating that the Public School Code of 1949 only protects professional employees from either dismissal or suspension without cause, and here the employee was neither dismissed nor suspended; she was terminated because the position she was elected to fill was abolished. The Public School Code of 1949 provides for only three methods to be used if an employee is to be severed; resignation, dismissal, or suspension. The law is clear that if proper procedures are followed, positions occupied by professional employees may be abolished. See Smith v. Darby School District, 388 Pa. 301, 130 A.2d 661 (1957). Nevertheless, 'terminating' the position does not of itself terminate the professional employee's appointment. The minimum to which she is entitled is suspension and after the relevant facts have been determined, she may have rights that would entitle her to be retained in another capacity. See Section 1124 of the Public School Code of 1949, 24 P.S. §11-1124.

18 Pa. Commonwealth Ct. at 125-26, 334 A.2d at 787.

Clearly, as a suspended professional employe, Navarro was entitled to a hearing before the Executive Council under the Local Agency Law. *See Smith v. Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974). Her confusion as to whether her termination was a suspension or a dismissal was due, in large part, to the actions of the Council and its solicitor in responding to her inquiries. It is untenable for Middle Bucks now to argue that Navarro chose the wrong course of action. Finding no error in the Secretary's decision, we affirm.

### ORDER

AND Now, this 22nd day of August, 1978, the order of the Commonwealth of Pennsylvania, Secretary of Education, dated December 14, 1976, reinstating Elizabeth K. Navarro as a professional employe in the Middle Bucks Area Vocational-Technical School without loss of pay, and awarding attorney fees is hereby affirmed.