## Biega v. Aliquippa Area School District

*Daniel R. Delaney,* for plaintiffs.
*John A. Havey,* for defendant.

SAWYER, *P.J.*, August 12, 1980—This case is before the court for disposition of defendant's preliminary objections to the complaint in mandamus and plaintiffs' motion for peremptory judgment and motion for attorney's fees and court costs.

The facts, as alleged in the complaint and admitted by defendant's counsel during oral argument, are as follows: plaintiffs were teachers and professional employes of defendant school district who were suspended from their positions on June 15, 1978. Within 30 days of their receipt of notice of suspension (June 19, 1978), each plaintiff requested a local agency hearing. Said hearing was held on October 26, 1978, but no final decision has yet been rendered by the hearing officer, Eugene Morris, Esq., despite repeated requests. Plaintiffs contend that an additional hearing was contemplated at the close of the October 26 hearing, and the transcript supports this contention.

Plaintiffs demand as relief: reinstatement with back pay, an order that the school district render a final decision, and attorney's fees and costs relating to the instant mandamus action.

We find no merit to defendant's preliminary objections and will therefore dismiss them. On the other hand, we agree with plaintiffs that a peremptory judgment is warranted as discussed below.

Defendant's first and third objections to the complaint are that it fails to state a cause of action in mandamus since the action requested is discretionary and not ministerial and since plaintiffs have no "clear, immediate and specific, well-defined and complete legal right" to said relief. We disagree.

It is clear that a professional employe suspended by a school district is entitled to a local agency

hearing: Middle Bucks Area Vocational-Technical School v. Navarro, 37 Pa. Commonwealth Ct. 278, 283, 390 A. 2d 325, 328 (1978). The school district therefore has a corresponding duty to conduct such a hearing. It has no discretion with regard to whether or not to *hold* said hearing. Furthermore, its duty extends to the rendering of an *adjudication* in the matter in order that an aggrieved party has a decision from which to exercise his right to appeal. As stated in Styers v. Wade, 30 Pa. Commonwealth Ct. 38, 41-42, 373 A. 2d 1236, 1238 (1977):

". . . mandamus lies only to compel official performance where there is a refusal to perform in the face of an absolute duty to do so. An official may have an absolute duty to exercise his discretion, in which case mandamus will lie, but only to compel the exercise of the discretion. . . .

"A party to an administrative agency proceeding who is aggrieved by such an exercise of discretion—i.e., *by an adjudication*—has a remedy through appeal. . . ." (Emphasis supplied.)

In the case at bar, nearly 22 months have elapsed since the initial school board hearing in October of 1978. Defendant school district has offered no excuse for its neglect to hold a further hearing or render an adjudication. We find this inordinate delay to be sufficient evidence that defendant has absolutely refused to perform although it has a clear duty to do so. We therefore find that plaintiffs have stated a valid cause of action in mandamus.

Defendant's second objection is without merit since plaintiffs allege in Paragraph 14 of the complaint that "no adequate remedy exists at law."

Defendant's final objection concerns the naming of the Aliquippa Education Association as a plaintiff. Since plaintiffs in their brief express the desire

to withdraw the association as a party plaintiff rather than to contest the matter, we shall order said withdrawal.

Regarding plaintiffs' motion for peremptory judgment, we find such relief appropriate in this case and shall so order.

Pa.R.C.P. 1098 reads as follows:

"Rule 1098. Peremptory Judgment.

"*At any time after the filing of the complaint,* the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible." (Emphasis supplied.)

This rule has been interpreted as authorizing the entry of such judgment "without the filing of an answer and even without disposing of outstanding preliminary objections," so long as the moving party has satisfied the standard applied to entry of a summary judgment under Rule 1035: Philadelphia Suburban Water Company v. Com., 36 Pa. Commonwealth Ct. 8, 17, 387 A. 2d 501, 505 (1978). This standard has been set forth as follows:

"'[S]ummary judgment should not be entered unless the case is clear and free from doubt, that the record must be viewed in the light most favorable to the nonmoving party, and that all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. . . . The moving party must, of course, prove that there is no genuine issue of fact to be tried.'"

We find the above standard to be satisfied in the instant case. Since defendant agreed in oral arguments with the facts as presented by plaintiffs,

there are no material factual issues in dispute. On the basis of these facts, we find it "clear and free from doubt" that defendant has refused to perform its duty and that plaintiffs are entitled to a peremptory judgment to order defendant to do so.

The relief granted by the instant judgment is, however, not to include reinstatement with back pay since we do not agree with plaintiffs' argument that the initial suspensions were invalid on due process grounds since no hearing was held *prior* to the suspensions. Post-suspension hearings have been specifically approved by the Commonwealth Court, Smith v. Richland School District, 36 Pa. Commonwealth Ct. 150, 156, 387 A. 2d 974, 977 (1978), and we find that they do not violate due process rights. Unless and until it is determined that the suspensions were inherently invalid, plaintiffs have no claim for reinstatement with back pay.

We do, however, find attorney's fees and costs relating to the mandamus action to be appropriate and justifiable relief in this case. As stated in Feist v. Luzerne County Board of Assessment Appeals, 22 Pa. Commonwealth Ct. 181, 195, 347 A. 2d 772, 781 (1975), counsel fees may be awarded for obdurate behavior, that is, "'where a party defendant with great resources, but not much law, on his side determines to protract litigation merely on the theory that he can wear his opponent to complete financial exhaustion. The key factor, of course, must be the proven bad faith of the offending party.'"

We find that defendant's refusal to take steps necessary to have its hearing officer render a final decision in this case for nearly 22 months after the initial hearing, despite repeated demands, constitutes sufficient evidence of "bad faith" to warrant plaintiffs an award of attorney's fees and costs.

Damages which are incidental to the affirmative relief granted may be awarded in a mandamus action: Wyoming Sand and Stone Co. v. Com., 24 Pa. Commonwealth Ct. 366, 372, 355 A. 2d 860, 863 (1976). We find the sum set forth in plaintiffs' affidavit reasonable under the circumstances and will award damages accordingly.

For the above reasons, we will dismiss defendant's first three preliminary objections, order the withdrawal of Aliquippa Education Association as a plaintiff, and grant plaintiffs' motions for peremptory judgment and for attorney's fees and costs.

## ORDER

And now, August 12, 1980, after argument and upon consideration of the record and briefs, it is hereby ordered and directed that:

1. Defendant's preliminary objections nos. 1, 2, and 3 are dismissed.

2. Defendant's preliminary objection no. 4 is sustained and Aliquippa Education Association is withdrawn as a party plaintiff.

3. Plaintiffs' motion for peremptory judgment is hereby granted to the following extent only.

It is now ordered and directed that Aliquippa Area School Distict direct its hearing officer, Eugene Morris, Esq., to conclude plaintiffs' hearing within 30 days of this order and render an adjudication within an additional 30 days.

It is further ordered and directed that plaintiffs' motion for attorney's fees and costs is hereby granted; and it is ordered and directed that judgment be and the same is hereby granted for plaintiffs against the Aliquippa Area School District in the sum of $1,556.95, covering plaintiffs' attorney's fees and costs; and the prothonotary is directed to

enter said judgment for plaintiffs against defendant.

That portion of plaintiffs' motion for peremptory judgment to direct defendant to reinstate each of the suspended teachers with back pay and benefits is hereby refused without prejudice pending further appropriate proceedings.