## Bukowski v. Harborcreek School District

*George Levin,* for plaintiff.
*Wallace J. Knox,* for defendant.

CARNEY, *P.J.,* August 19, 1980—This is an action in mandamus to compel defendant, Harborcreek School District, to enter into a temporary professional employe contract with plaintiff and to accord plaintiff all rights incident thereto.[1] Randall Bukowski is certified to teach social studies and since August 23, 1979 has been employed by defendant as supervisor of its in-school suspension program for the 1979-80 school year. The prior supervisor of the ISS program resigned on August 23, 1979. From August 9, 1979 until August 23, 1979 plaintiff was employed by defendant as a one-half time social studies teacher.

The parties have filed cross-motions for summary judgment and have stipulated that the court may decide any issue of fact as though tried non-jury pursuant to Pa.R.C.P. 1038 and 1099 based

---

1. Mandamus is the appropriate remedy to compel issuance of such a contract. See Teachers' Tenure Act Cases, 329 Pa. 213, 197 Atl. 344 (1938); Rhee v. Allegheny Intermediate Unit, 1 1 Pa. Commonwealth Ct. 394, 315 A. 2d 644 (1974).

upon the record submitted in support of the motions.

"The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal." Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11-1101(3).

In turn, section 1101(1) defines a professional employe as "those who are certified as teachers, supervisors . . . school counselors. . . ."

The parties have litigated this case on the controlling question of whether or not Randall Bukowski is a teacher. In determining whether an individual is a teacher and consequently a professional employe or temporary professional employe under section 1101, our appellate courts have construed section 1101 in conjunction with section 1141, 24 P.S. § 11-1141: Brentwood Borough School District Appeal, 439 Pa. 256, 267 A. 2d 848 (1970); Rhee v. Allegheny Intermediate Unit, supra; Fiorenza v. Board of School Directors of Chichester School District, 28 Pa. Commonwealth Ct. 134, 367 A. 2d 808 (1977); McCracken v. Central Susquehanna Intermediate Unit, 34 Pa. Commonwealth Ct. 148, 382 A. 2d 1293 (1978).

Section 1141(1) provides: "(1) 'Teacher' shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities, such as class room teachers, demonstration teachers, museum teachers, counselors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary pro-

fessional employes, certificated in accordance with the qualifications established by the State Board of Education."

The burden of establishing one's professional employe status as a teacher rests firmly on the individual desiring the status: Brentwood, supra. He must show not only that he holds a teaching certificate but that he satisfies section 1141: Ibid.; Rhee, supra. Our responsibility is to determine whether there is sufficient evidence in the record to conclude that plaintiff is a teacher: Ibid.[2]

In light of the above principles, our review of the present record convinces us that Mr. Bukowski devotes more than 50 percent of his time "to teachings

---

2. The appellate authorities cited above have resolved the question of one's professional employe status on a case by case basis. In Brentwood the court held that the position of curriculum coordinator satisfied section 1141 because the responsibilities included course development, evening classes for adults, and teaching seminars to improve teaching methods. These functions qualified as "direct educational activities." In Rhee, supra, although plaintiff instructed teachers of handicapped children, well over half his time was devoted to library functions purchasing, and office work, inventory control, tour guidance, and providing special education materials to local schools and institutions. These activities were not directly educational in nature. In Fiorenza appellant was an administrative assistant whose duties included personnel relations, budgeting, and establishing health and transportation programs. Though duly certified and previously a principal, these activities were not directly educational and his prior professional status as a principal could not be carried over into a nonprofessional position. Finally, in McCracken, appellant was duly certified as a teacher, but performed principally administrative work as a liaison for services to nonpublic schools. These included visits to those schools. Appellant also administered the adult education program, including grant application, budgeting, and purchasing of materials. The court again concluded that these were not direct educational activities.

or other direct educational activities." First, plaintiff holds a teaching certificate. Secondly, the descriptions of the ISS program in both the student handbook and the teacher's handbook indicate that the program requires students referred to it to complete regular assignments and that the program will be proctored by a professional staff member. Thirdly, the district submitted a description of the ISS program to the Commonwealth Department of Education[3] indicating that the program is not designed merely to punish but to develop inner control. This description further indicates that students are given their normal assignments and that these assignments must be completed to the satisfaction of both the subject instructor and the ISS Supervisor: Exhibit 6, p. 3. In addition, each student must have at least two counseling sessions with the ISS supervisor.

Most importantly, the testimony indicates that plaintiff had a direct role in assuring that the students completed their assignments. Mr. Bukowski was required to answer questions of students regarding the assignments. In view of the fact that these suspensions lasted from three to ten days, Mr. Bukowski's involvement in the completion of these assignments would be more than minimal. While Dr. Mulvin, the Superintendent of Schools, testified that the supervisor's role was essentially as a disciplinarian and conduit, the prevailing implication of the entire record is that these functions and Mr.

3. The testimony indicates that this description was prepared by Mr. Papesch, assistant principal of Harborcreek High School, from notes provided by Mr. Bukowski. Nevertheless, we believe the district has vouched for the description by submitting it to the Commonwealth.

Bukowski's role in counseling and advising on assignments constitute direct educational activities. Common sense tells us that securing discipline in a classroom is a direct educational activity. There can be little education where there is no discipline.

The district argues that Bukowski was clearly informed that the ISS supervisor position was not that of a professional. We do not believe the district can change the nature of a position by changing a label where the substantive evidence indicates the position satisfies the requirements of section 1141. Substance, not form, must control. Moreover, we question whether the district by designating the position as nonprofessional can deprive an employe of professional status when that employe's substantive duties in fact qualify for that status. Compare Mullen v. Dubois Area School District, 436 Pa. 211, 259 A. 2d 877 (1969).

Plaintiff has requested counsel fees under section 2503 of the Judicial Code, 42 Pa.C.S.A. §2503. In light of the lack of controlling precedent governing these proceedings and the fact that the district's position was not totally devoid of merit, such an award is not justified.

For the above reasons we shall enter an order directing the district to enter a temporary professional employe contract with plaintiff.

ORDER

And now, August 19, 1980, it is hereby ordered and adjudged that plaintiff, Randall Bukowski, is a temporary professional employe of defendant, Harborcreek School District, and it is further ordered that defendant, Harborcreek School District, im-

mediately enter into a temporary professional employe contract with plaintiff, Randall Bukowski.