**Sandra FRANSON, Petitioner,**

v.

**BALD EAGLE AREA SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1995.

Decided Dec. 21, 1995.

---

William A. Hebe, for petitioner.

John R. Miller, Jr., for respondent.

Before COLINS, President Judge, and SMITH, J., KELTON, Senior Judge.

COLINS, President Judge.

Sandra Franson (Franson) appeals from the May 31, 1995 order of the Secretary of Education (Secretary) in which he affirmed the decision of the Bald Eagle Area School District (District) denying Franson the status of a professional employee. We affirm.

Franson was hired by the District as a substitute teacher on a day-to-day basis for the 1987–88 school year; she continued in that capacity for the 1988–89 school year. For the next three years, 1989–90 through 1991–92, Franson was appointed as a full-time substitute to teach second grade in the District's Snow Shoe School. The second grade position became available as a result of the retirement of third grade teacher, Mary Jane Cramer.[1] For the 1992–93 school year, Franson returned as a substitute on a day-to-day basis.

Franson sought a hearing before the school board asserting that she had attained the status of a professional employee and seeking reinstatement. The school board determined that for the 1989–90 through 1991–92 school years, Franson was employed as a full-time substitute and therefore had not acquired the status of temporary professional employee. Franson appealed to the Secretary of Education, who affirmed the school board after issuing detailed findings of fact.

On appeal this Court must affirm the Secretary unless it finds a violation of constitutional rights, an error of law, a manifest abuse of discretion, or that any necessary finding of fact is not supported by substantial evidence. *Belasco v. Board of Public Education of School District of Pittsburgh*, 510 Pa. 504, 510 A.2d 337 (1986). Before this Court, Franson contends 1) that she was hired as a temporary professional employee to replace a regular professional employee whose services had terminated by reason of retirement, and 2) that after having served at least two years as a temporary professional employee with satisfactory ratings, she acquired tenured professional employee status.

---

1. The second grade teacher took the third grade position, leaving the second grade position that Franson filled.

To qualify as a professional employee a school district employee must prove that he or she fits within one of the categories expressly enumerated by the legislature. *McCracken v. Central Susquehanna Intermediate Unit,* 34 Pa.Cmwlth. 148, 382 A.2d 1293 (1978). Section 1101 of the Public School Code of 1949 (Code),[2] in pertinent part, defines a "substitute" as one employed to perform the duties of a regular professional employee who is absent or on sabbatical leave; it defines "temporary professional employe" as one who performs, for a limited time, the duties of a new position or of a regular professional employee whose services have been terminated by death, resignation, suspension, or removal. 24 P.S. § 11–1101(2) and (3). Section 1108(b) of the Code provides that a temporary professional employee who has served satisfactorily for two years shall be accorded the status of professional employee and be tendered a regular contract of employment. 24 P.S. § 11–1108(b).

Substantial evidence of record supports the Secretary's findings that for each of the years in question, Franson was hired as a full-time substitute performing the duties of employees absent on sabbatical and maternity leave. Each year after the school board voted, Franson received a letter from the superintendent stating that she was appointed as a full-time substitute; only one of those letters stated for whom Franson was substituting. The school board's minutes and correspondence records further support the Secretary's findings.

The recorded minutes of the school board's meetings, supported by follow-up correspondence, shows that for each new position and each position left vacant by reason of retirement or resignation, the school board either hired a new employee or reassigned an existing professional employee. Similarly, all temporary vacancies resulting from absence or approved leave were filled by substitutes.

 Franson mistakenly perceived that she was hired to perform the duties of retired employee, Mary Jane Cramer, despite clear language to the contrary in her appointment letters. Franson makes much of the fact that for three years she occupied the classroom left open as a result of Mary Jane Cramer's retirement. Franson reasons that, contrary to the school board's records, she could not have substituted for the employees absent on sabbatical and maternity leave because those employees worked in other buildings. Unfortunately, that is not the case. As the Secretary noted, a professional employee does not acquire any right to teach in a particular classroom or building; the school board has the right to reassign teachers as necessary for the proper administration of the school system. *Olson v. Board of School Directors Methacton School District,* 84 Pa. Cmwlth. 189, 478 A.2d 954 (1984).

Accordingly, we affirm the decision of the Secretary of Education denying Franson the status of professional employee.

### ORDER

AND NOW, this 21st day of December, 1995, the decision and order of the Secretary of Education in the above-captioned matter is affirmed.

---

**2.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1101.